IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVESMART 360, LLC,

        Plaintiff,                              CASE NO.: 8:15-cv-1965-T-30EAJ

v.

MARK MCCOOL, AND
JENNIE MCCOOL,

        Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the Court on Plaintiff's Motion for Temporary Restraining Order (Dkt. 7). Plaintiff LiveSmart 360, LLC, seeks to enjoin Defendants, husband and wife Mark and Jennie McCool, and any agents acting on their behalf from: (i) engaging in, either individually or as an employee or independent contractor for any person or entity that engages in, the sale or offering for sale of nutritional products within the United States or internationally; (ii) solicitation, directly or indirectly, of any employee or member of LiveSmart to leave LiveSmart or undertake services for another multi-level marketing firm; and (iii) interfering, directly or indirectly, with LiveSmart's business relationships with its suppliers, vendors, or other contractors.

The Court has reviewed the Complaint filed in this case and the Motion and finds it appropriate to enter a Temporary Restraining Order because there is a significant risk that LiveSmart will lose additional business and/or suffer damages to its goodwill absent injunctive relief.

Specifically, LiveSmart has demonstrated a preliminary showing of irreparable injury should The McCools not be enjoined, and there is a likelihood of success on the merits of LiveSmart's claims for breach of a restrictive covenant. Finally, the threat of injury to LiveSmart outweighs the potential harm to The McCools, and the entry of this temporary restraining order will serve the public interest. Accordingly, it is

**ORDERED as follows:**

1. Plaintiff's Motion for Temporary Restraining Order (Dkt. 7) is granted insomuch that it seeks a temporary restraining order. The portion of the Motion requesting a preliminary injunction shall remain pending.

2. Defendants, and their agents and representatives are prohibited from:

   i. engaging in, either individually or as an employee or independent contractor for any person or entity that engages in, the sale or offering for sale of nutritional products within the United States or internationally;

   ii. solicitation, directly or indirectly, of any employee or member of LiveSmart to leave LiveSmart or undertake services for another multi-level marketing firm;

   and

   iii. interfering, either directly or indirectly, with LiveSmart's business relationships with its suppliers, vendors, or other contractors.

3. As a condition of the entry of the Temporary Restraining Order, Plaintiff shall be required to post a bond in the amount of $50,000 with the registry of the Court by Thursday, September 3, 2015.

      4.      Plaintiff's Motion, to the extent that it requests a Preliminary Injunction, is referred to Magistrate Judge Elizabeth A. Jenkins to conduct a hearing on the Motion and issue a report and recommendation for this Court's consideration.

      5.      The parties shall appear at a **STATUS CONFERENCE HEARING on Plaintiff's Motion for Preliminary Injunction before Magistrate Judge Elizabeth A. Jenkins on <u>Wednesday, September 9, 2015, at 10:00 A.M.</u>, in Courtroom 11A** at the Sam Gibbons U. S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

      6.      Plaintiff shall obtain immediate service of process on Defendants of the summons, complaint, and TRO as stated in Local Rule 4.05(b)(5), M.D. Fla.

DONE AND ORDERED at Tampa, Florida on this 28th day of August, 2015, at 2:45 p.m.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record