# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LIVESMART 360, LLC,

    Plaintiff,

v.                                                  Case No: 8:15-cv-1965-T-30EAJ

MARK MCCOOL and JEANINE MCCOOL,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 32) and Defendants' Response in Opposition (Dkt. 36). The Court has considered the pleadings and their supporting evidence and the relevant law. For the reasons discussed below, the motion will be denied.

## FACTUAL BACKGROUND

Plaintiff LiveSmart 360, LLC is a marketing and sales company in the nutritional food and supplement industry. Defendant Mark McCool once owned CyberWize, a competitor in the same industry. The two companies aligned as one, LiveSmart, in 2010, and in early 2011 Mark McCool became LiveSmart's Vice President. While serving as LiveSmart's Vice President, Mr. McCool continued to own and operate, with the assistance of his wife Jeanine McCool, the company LS360, LLC. LS360 was one of LiveSmart's many "member distributors," individuals and companies that sold LiveSmart products and earned commissions from those sales.

For reasons unknown to the Court and irrelevant to the resolution of this motion, the alliance between LiveSmart and the McCools did not last long. On January 23, 2014, LiveSmart and the McCools and LS360 entered into a "Settlement Agreement and Release." The contract terminated Mr. McCool's employment as Vice President of LiveSmart and established other obligations between the parties. (Dkt. 1-2, p. 2). Those obligations included the following: LiveSmart and the McCools would both return personal property owned by the other; the McCools would cease using LS360 as the name for their company; and the McCools would not disclose any of LiveSmart's "Proprietary Information" (which the contract defined). The contract also contained a non-compete clause in which the McCools agreed not to solicit business, either personally or through any other entity, from any of LiveSmart's member distributors.

The contract, however, did allow LS360, under a new name, to remain as a member distributor and continue collecting commissions.

Jeanine and Mark Mccool both signed the contract, the latter in his own name and for LS360. So did their children Trevor, Tyler, and Amber, who at different times worked for LiveSmart or LS360.

**DISCUSSION**

Invoking this Court's diversity jurisdiction, LiveSmart sued Mark and Jeanine McCool on August 21, 2015, for breach of contract and tortious interference. The lawsuit alleges, in short, that the McCools and their new company, Duke Wellington, LLC (formerly LS360), tried to poach LiveSmart's members in violation of the non-compete provisions of the parties' contract. The McCools filed a counterclaim alleging that

2

LiveSmart breached the contract first, in the following two ways: (1) by failing to pay the McCools sales commissions and (2) by failing to return personal property in accordance with the contract terms.

Now LiveSmart moves to dismiss both claims. On the first, LiveSmart argues that the McCools lack standing to sue because the contractual provision requiring the payment of commissions was between LiveSmart and the to-be-renamed LS360, not between LiveSmart and the McCools. On the second, LiveSmart cites an email in which Mr. McCool writes of some unspecified personal property: "keep it" and "I am done with this." (Dkt. 21-1, p. 22). By these words, LiveSmart argues, the McCools waived their claim for unreturned personal property. The Court will address each argument in turn.

Standing is a jurisdiction requirement; if a plaintiff lacks standing, the complaint must be dismissed. *Cone Corp v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991). The dismissal is treated as one for lack of subject matter jurisdiction and is entered without prejudice. *Stalley ex rel U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

LiveSmart launches a factual challenge to the McCools' standing and appropriately cites case law permitting a district court to treat documents attached to a complaint as though they are part of the complaint. *Stalley ex rel. U.S.*, 524 F.3d at 1232 (citing *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1250 (11th Cir. 2007))*; see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (applying

3

same approach to authentic documents "incorporated by reference"). And LiveSmart accurately cites the relevant provision in the parties' settlement contract, which the McCools incorporate by reference in their counterclaim. Indeed, that provision concerning commissions, paragraph 11, is between LiveSmart and LS360. (Dkt. 1-2, p. 8-9).

Under Florida law, which the Court must apply, *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938), corporations are a distinct legal entity, with rights to enter into contracts and to sue and be sued. *See* Fla. Stat. §§ 607.0302(1)-(7). With the exception of a stockholder's derivative action, which is inapplicable here, a cause of action to redress injuries to a corporation must be brought by, and in the name of, the corporation itself. *James Talcott, Inc. v. McDowell*, 148 So. 2d 36, 37 (Fla. 3d DCA 1962) (citing *Orlando Orange Groves Co. v. Hale*, 119 Fla. 159, 161 So. 284 (Fla. 1935)).

The injury here, accepting the McCools' allegations as true, was to their company, not to the McCools themselves. Their company, Duke Wellington, must therefore file a lawsuit in order to seek redress. *James Talcott, Inc.*, 148 So. 2d at 37.

The McCools argue that they have standing under a third-party beneficiary theory. Under Florida law, only intended third-party beneficiaries may sue to enforce a contract. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). An intended third-party beneficiary is one whom the contract expresses an intent to primarily and directly benefit. *Id.*

The contract here does express an intent to directly benefit some of the McCools. Paragraph 11 of the contract, the provision concerning commissions, states that "LS360 will receive a lateral rank of Gold Executive as it relates to commission payouts and will

have the option to place positions for Trevor, Tyler and Amber McCool directly beneath its own position . . . ." (Dkt. 1-2, p. 8-9). Given the more lenient standard at the motion to dismiss stage, *see Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010), this language would have been sufficient for Trevor, Tyler and Amber to survive the motion under a third-party beneficiary theory.

But the provision makes no mention of Mark and Jeanine McCool, the only McCools named as defendants in the lawsuit. Nowhere does the contract's provision on commissions express an intent to directly benefit Mark and Jeanine McCool. They are not third-party beneficiaries, which means they lack standing. Their counterclaim against LiveSmart for failure to pay commissions must therefore be dismissed. *See Stalley*, 524 F.3d at 1232.

LiveSmart's argument for waiver, on the other hand, must fail. Waiver is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and a plaintiff is "not required to negate an affirmative defense in [his] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Therefore, an affirmative defense will not support a motion to dismiss unless the existence of the affirmative defense "clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *see Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Even if Mr. McCool's email to "keep" unspecified property functioned as a waiver of the McCools' claim against all their unreturned personal property (an assertion on which the Court at this stage of the proceedings need not, and therefore will not, take a position), that waiver hardly appears on the face of the complaint. Instead, the lines "keep it" and "I

5

am done with this" are buried in Exhibit E of a Mr. McCool Declaration that was filed with the Court as an appendix in support of another, earlier motion filed in this case. (See Dkt. 22-1, p. 22). If indeed this evidence establishes the affirmative defense of waiver, the matter may be revisited at the summary judgment stage.

On their second counterclaim, the McCools have pleaded sufficient factual matter that, if accepted as true, would "allow[] the Court to draw the reasonable inference" that LiveSmart failed to return personal property, an omission that breached the parties' contract. *See Twombly*, 556 U.S. at 677-78. It should not be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. 32) is GRANTED in part and DENIED in part.

2. Defendants' counterclaim alleging breach of contract for Plaintiff's failure to pay commissions is DISMISSED without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of December, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-1965 - MTD Counterclaim.docx

6